UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
REACH GLOBAL, INC., REACH MUSIC :
PUBLISHING, INC., and TERRORDOME MUSIC :
PUBLISHING, LLC, :
 :
                              Plaintiffs, :
    -against- :
 :
CARLTON RIDENHOUR and BRING THE : **ORDER DISMISSING CASE FOR**
NOIZE MUSIC, INC., : **LACK OF SUBJECT-MATTER**
 : **JURISDICTION**
                            Defendants. :
 : 20 Civ. 391 (AKH)
-------------------------------------------------------------- X
CARLTON RIDENHOUR and BRING THE :
NOIZE MUSIC, INC., :
 :
                      Defendants and Third- :
                      Party Plaintiffs, :
    -against- :
 :
MICHAEL CLOSTER, :
 :
                      Third-Party Defendant. :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This dispute concerns several agreements relating to the ownership and administration of certain copyrights of musical compositions written by Defendant-Third-Party-Plaintiff Carlton Ridenour ("Ridenhour"), one of the founding members of the group known as "Public Enemy." On October 25, 2019, Plaintiffs Reach Global, Inc., Reach Music Publishing, Inc., and Terrordome Music Publishing, LLC (together, "Plaintiffs") sued Ridenhour and Bring the Noize Music, Inc. ("BTNM") (together, "Defendants"), in the Supreme Court of New York, Index No. 656288/2019, seeking (1) a declaration that the agreements noted *supra* are valid; (2) a declaration that Plaintiffs have, pursuant to these agreements, valid rights in the songs, and that Defendants cannot rescind these rights; and (3) indemnification of, *inter alia*, attorneys' fees and

other disbursements. *See* Notice of Removal, ECF No. 1, ¶¶ 1-3. On December 16, 2019, Defendants filed an answer, counterclaims, and a third-party complaint against Michael Closter[1] ("Closter"), seeking on common law grounds to have the agreements declared void and to have all rights in the songs confirmed as belonging to the Defendants. *Id.* at ¶¶ 5-6. On January 15, 2020, Plaintiffs and Closter timely removed the case via 28 U.S.C. §§ 1441[2] and 1454, on the grounds that Defendants' counterclaims sound in copyright and are preempted by the Copyright Act, 17 U.S.C. § 301(a), thus bestowing federal question jurisdiction, *see* 28 U.S.C. §§ 1331 and 1338. Now before the Court is Plaintiffs' motion to dismiss in part Defendants' counterclaims and third-party causes of action. For the reasons that follow, I lack subject matter jurisdiction over this case and, as such, remand to the state court.

## Discussion

It is "axiomatic that '[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Acorne Products, LLC v. Tjeknavorian*, 33 F.Supp.3d 175, 180 (E.D.N.Y. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). It is similarly "axiomatic that issues of the Court's subject matter jurisdiction may be raised at any time, including … *sua sponte* by the Court." *Zhou v. Peng*, 286 F.Supp.2d 255, 262 (S.D.N.Y. 2003). Here, the parties both proceed on the

---

[1] Closter is the owner of Reach, Global, Inc., and Reach Music Publishing, Inc. and was, at least prior to the filing of this action, a longtime friend and business partner of Ridenhour.

[2] Section 1441 only permits a "defendant" to remove a case from state to federal court, *see* 28 U.S.C. § 1441(a), thus barring Plaintiffs' eligibility for removal on that basis. And the Supreme Court has held that Section 1441 also bars third-party defendants from removing a case based on the contents of a counterclaim, *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) ("[W]e conclude that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim."), precluding Closter's eligibility to make use of Section 1441 as well. Section 1454, by contrast, expressly provides that when an action is removed based on "a claim for relief arising under any Act of Congress relating to … copyrights," then "the action may be removed by *any party*." 28 U.S.C. § 1454(b)(1) (emphasis added).

understanding that jurisdiction has been conferred by The Copyright Act, by way of 28 U.S.C. § 1338(a).  *See, e.g.,* Def. Opp. Mem., ECF No. 17, at 21 ("This action was removed to this court because [Plaintiffs] correctly asserted that there are issues as to … copyrights.").

> Section 1338 of Title 28 states that:
>
> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.

28 U.S.C. § 1338(a).  "It is," as is relevant here, "well-established that not every complaint that refers to the Copyright Act 'arises under' that law for purposes of Section 1338(a)." *Bassett v. Mashantucket*, 204 F.3d 343, 347 (2d Cir. 2000).  In *Bassett*, the Second Circuit adopted the test first outlined by Judge Friendly in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964), for gauging whether an action arises under the Copyright Act:

> Judge Friendly concluded that a suit 'arises under' the Copyright Act if:
>
> (1) The complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement or for the statutory royalties for record reproduction, or,
>
> (2) The complaint asserts a claim requiring construction of the Act.

*Bassett*, 204 F.3d at 349 (quotation marks, alterations, and citations omitted).

Here, neither prong of the *T.B. Harms* test is satisfied.  Accordingly, I cannot assume jurisdiction over this dispute and remand the matter to the state court.

First, neither the Complaint nor the Counterclaims and Third-Party Complaint bring any causes of action under the Copyright Act.  The Complaint brings four causes of action in contract, in essence asking the Court to provide a declaratory judgment that comports with the Plaintiffs' reading of the agreements.  Complaint, ECF No. 1-1, at ¶¶ 37-55.  And Defendants do not, for their part, mention the Copyright Act——they bring counterclaims for conversion, fraud,

and an accounting pursuant to the provisions of one of the underlying contracts. Counterclaims, ECF No. 1-7, at ¶¶ 105-18.

Second, the only claim that the parties seem to collectively presume requires construction of the Copyright Act is Defendants' First Counterclaim and Third-Party Cause of Action for "conversion," but this claim—assuming this claim exists under New York law[3]—turns on state law principles of conversion and does not necessitate my construing the Copyright Act. The Notice of Removal suggests that this counterclaim arises under Section 1338 because Defendants "assert that they have a copyright interest in certain musical compositions," and also because Defendants' claim that Plaintiffs have "acquired ownership of those copyrights through an act of conversion" is preempted by the Copyright Act. Notice of Removal at ¶ 14. But mere reference to a copyright interest is not enough, *see Bassett*, 204 F.3d at 347, and even a cursory reading of Defendants' pleadings reveal that their claims revolve around the core assertion that Plaintiffs tricked Ridenhour into assigning away his copyrights. *See* Counterclaims at ¶¶ 71-104. This is a matter of contract and fraud, not of copyright. *See Acorne*, 33 F.Supp.3d at 183 ("[T]he issue of who owns the copyright is dictated by the parties' agreement, and not … the Act.") The parties do not dispute that the copyrights at issue are enforceable; nor do they ask the Court to resolve any issue pertaining to the breadth of the copyrights' coverage or the meaning of the Act itself. The case is thus about which of the parties owns the copyrights under the contracts and in light of various principles of state common law, which falls short for purposes of jurisdiction. *See, e.g., Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46 (2d Cir. 2002) ("[I]f the case concerns a dispute as to ownership of a copyright, and the issue of ownership turns on the interpretation of a

---

[3] Plaintiffs cite to authority suggesting that it may not. *See* Pl. Br., ECF No. 9-1, at 18-19. Whether Defendants can extricate this "conversion by fraud" claim from their other allegations of fraud remains to be seen. The Court takes no position on the merits of Plaintiffs' arguments here.

contract, the case presents only a state law issue, and … federal jurisdiction is lacking"); *Acorne*, 33 F.Supp.3d at 181 (the "claims do not necessitate construction of the Act; instead, they require interpretation of the parties' agreement"). As another court observed in similar circumstances, "[a]ny question of ownership implicated by [the] common law claims can be resolved through interpretation of the parties' agreement under state law." *Id.*[4]

Finally, so-called "complete preemption" does not provide an alternative path to jurisdiction because the claim Defendants "seek[] to vindicate" is not "equivalent to one of the bundle of exclusive rights already protected by copyright law." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). The alleged conversion does not involve "acts of reproduction, adaptation, performance, distribution or display," *id.*, but rather the alleged act of wrongfully assuming control over Defendants' intellectual property.[5] *See St. John's Univ., New York v. Bolton*, 757 F.Supp.2d 144, 178 (E.D.N.Y. 2010) ("The two elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights."); Def. Opp. Mem. at 22 ("Ridenhour has pled that Reach and Closter took possession of sound recordings which belong to Ridenhour and took control of BTNM."); *cf. Firoozye v. Earthlink Network,* 153 F.Supp.2d 1115, 1130 (N.D. Cal. 2001) (finding a conversion claim preempted where, unlike here, the

---

[4] An example is illustrative. Defendants claim that they are entitled to ownership of the copyrights because the Plaintiffs acted fraudulently in procuring those copyrights. If the fraud claim is successful, that will resolve the issue. *See* Counterclaims at ¶ 114 ("Ridenhour and BTNM contend that Terrordome never actually engaged in business and was set up by Closter for a fraudulent purpose. Accordingly, the [agreements] should be declared void and of no effect and all copyrights pertaining to Ridenhour compositions should be restored to BTNM."). This is little different than the issue in *T.B. Harms* itself, where the court was asked to determine whether one of the parties had validly assigned his interest in copyrights to another—this was found not to be a suit arising under the Copyright Act. *See Bassett*, 204 F.3d at 348 (summarizing the facts of *T.B. Harms*).

[5] Defendants are therefore incorrect to suggest, *see* Def. Opp. Mem. at 22, that their conversion claim could simply be re-pleaded (or treated as) one for copyright infringement.

"plaintiff [alleged] that the defendants wrongfully *reproduced*" his computer program "without his permission, the essence of a claim for copyright infringement").

Absent any claim arising under the Copyright Act, jurisdiction here is lacking. There is no diversity, *see* Notice of Removal at ¶¶ 1-5; §1332, and absent any federal cause of action, I may not exercise supplemental jurisdiction over the state claims, 28 U.S.C. § 1367.

## Conclusion

For the reasons set forth above, and mindful of the fact that I "must construe the removal statute narrowly, resolving any doubts against removability," *Acorne*, 33 F.Supp.3d at 184 (quotation marks omitted), I conclude that I do not have subject-matter jurisdiction over this dispute and, accordingly, remand the matter to the Supreme Court of New York. The Clerk shall terminate the open motion (ECF No. 4) and remand the case to the Supreme Court of New York, Index No. 656288/2019.

SO ORDERED.

Dated: May 10, 2020          /s/
New York, New York          ALVIN K. HELLERSTEIN
                            United States District Judge